PER CURIAM.
The appellants, hereinafter the Taylors, appeal from a summary judgment in favor of General Motors Acceptance Corporation (GMAC) based upon the trial court’s factual finding that the latter was not the beneficial owner of the vehicle involved in this ease, but merely held a secured interest therein. We affirm on the authority of Palmer v. R.S. Evans, Jacksonville, Inc., 81 So.2d 635, 637 (Fla.1955).
In response to GMAC’s cross-appeal, we note that the trial court erred in its initial failure to enter summary judgment for GMAC, as it requested, on the basis that the Taylors failed to properly join their derivative claim with that of their father, Laury Taylor, the injured party, in his original suit against GMAC, and no good cause was shown why such derivative claims should be brought separately as required by section 627.7403, Florida Statutes (1991). Contrary to the finding of the trial court, the joinder requirement for derivative claims in that statute was not negated by the 1988 enactment of section 768.0415 allowing recovery by dependent children for injuries to a parent.
AFFIRMED.
COBB and THOMPSON, JJ., and HAUSER, J.C., Associate Judge, concur.